51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Judith THOMAS, Plaintiff-Appellant,
v.
John SHANNON, Secretary of the Army, Defendant-Appellee.
 No. 94-1770.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Judith Thomas, through counsel, appeals a district court judgment granting summary judgment in favor of the defendant. Thomas filed this complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq., on the basis that she was allegedly constructively discharged from her employment with the Army as a result of sex discrimination. The parties have waived oral argument in this case, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thomas's complaint centers around two incidents in which she was subjected to vulgar language at her work place. She also refers to an annual performance appraisal in which she received a "satisfactory" rating when she alleges she should have been given at least an "excellent" rating. Further, Thomas complains that she was forced to operate heavy equipment, which duty she claims was outside of her job description as an employee of the Selfridge Golf Course located at the Selfridge International Guard Base in Mt. Clemens, Michigan. Thomas alleged that all these events, in combination, forced her to resign from her job at the golf course because they created a "hostile work environment" so that the resignation was, in effect, a constructive discharge.
 
 
 4
 Upon motion by the defendant for summary judgment, the district court considered the arguments and evidence submitted by both parties and determined that the plaintiff had failed to show a genuine issue of material fact. Thus, the court concluded that the defendant was entitled to judgment as a matter of law. On appeal, Thomas argues that the district court erred in granting summary judgment because the district court made three findings of fact that should have gone to trial, specifically: 1) the court's determination that the facts did not establish a scenario severe and pervasive enough to constitute a hostile work environment; 2) the court's determination that the defendant's act of assigning her to operate heavy machinery did not support a prima facie case of discrimination; and 3) the district court's conclusion that Thomas's receipt of a satisfactory rating, the failure of her supervisor to recommend her for a performance award, and the two incidents involving vulgar, offensive language, did not create a hostile work environment under the standards set forth in Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 370 (1993).
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993). Viewing the evidence in a light most favorable to the non-moving party, the court should determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 6
 The district court properly concluded that the evidence was so one-sided that there was not a sufficient disagreement to require submission to a jury. Contrary to Thomas's argument, on appeal, the facts do not show that her work place was permeated with discriminatory intimidation, ridicule and insult sufficiently severe and pervasive enough to alter the conditions of her employment or to create an abusive working environment under the standard set forth in Harris.
 
 
 7
 Accordingly, the district court's order granting the defendant summary judgment is affirmed.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation